```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TRUSTEES OF THE OPERATIVE PLASTERERS'
and CEMENT MASONS' INTERNATIONAL
ASSOCIATION, LOCAL 262 WELFARE FUND,
ANNUITY FUND, PENSION FUND, and
APPRENTICESHIP TRAINING FUNDS and
OPERATIVE PLASTERERS' and CEMENT
MASONS' INTERNATIONAL ASSOCIATION
LOCAL 262,

                                        Plaintiffs,

                        v.

METRO SPRAY SYSTEMS, LLC,

                                        Defendant.
----------------------------------------------------------------------X
```

For Online Publication Only

**FILED**
**CLERK**

9/26/2017 1:51 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>ORDER</u>
16-CV-5489 (JMA) (ARL)

**AZRACK, United States District Judge:**

Before the Court is plaintiffs' motion for default judgment against defendant Metro Spray Systems, LLC. After reviewing plaintiffs' motion and the supporting evidence, the Court grants the motion for default judgment and finds the defendant liable in the amount of $9,727.90.

## I.  BACKGROUND

Plaintiffs Trustees of the Operative Plasterers' and Cement Masons' International Association Local 262 Welfare Fund, Annuity Fund, Pension Fund, and Apprenticeship Training Funds (the "Funds") and Operative Platerers' and Cement Masons' International Association, Local 262 (the "Union") filed this suit against defendant to recover unpaid fringe benefit contributions. The suit seeks relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 <u>et seq</u>. and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 <u>et seq</u>.

1

Plaintiffs allege that defendant entered into a collective bargaining agreement (the "CBA") with the Union. (Compl. ¶ 11, ECF No. 1.) According to plaintiffs, the CBA required defendant to pay fringe benefit contributions and submit contribution reports to plaintiffs.[1] (Id. ¶ 12; Affidavit of Michael Hubler ("Hubler Aff.") ¶¶ 3–4, ECF No. 10-7; CBA, Hubler Aff., Ex. B, ECF No. 10-9.) Plaintiffs allege that defendant failed to make fringe benefit payments from December 1, 2013 through December 31, 2014.[2] (Compl. ¶ 4.)

Defendant has neither answered nor appeared in this action. On January 19, 2017, plaintiffs obtained a clerk's entry of default against defendant. (ECF No. 9.) On February 28, 2017, plaintiffs served defendant with a motion for default judgment. (ECF No. 10.)

## II. DISCUSSION

### A. Defendant Defaulted

Defendant, who has not responded to the motion, defaulted by failing to appear or defend this action.

### B. Liability

When a defendant defaults, the Court must determine whether the allegations against that defendant establish its liability as a matter of law. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). In doing so, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in plaintiffs' favor. Id.

---

[1] In their motion papers, plaintiffs also contend that defendant has failed to pay dues in the amount of $878.08 and has failed to pay an international assessment in the amount of $287.22. (See Hubler Aff. ¶ 4; Statement of Damages, Declaration of Danielle Carney ("Carney Decl.") ¶ 10, Ex. C, ECF No. 10-13.) Plaintiffs, however, have failed to (1) allege these damages in their complaint; (2) identify what provision of the CBA or Memorandum of Agreement entitles them to these payments, and (3) substantiate the amounts they seek. Accordingly, the Court declines to award these speculative damages.

[2] In the complaint, plaintiffs allege unpaid fringe benefits for the period of December 1, 2013 to December 31, 2014. (Compl. ¶ 14.) However, on this motion, plaintiffs seek unpaid fringe benefits from January 1, 2013 to December 31, 2014. (Statement of Damages; Affidavit of Joann Karakatsanis ("Karakatsanis Aff.") ¶¶ 7, 9, ECF No. 10-3.) Plaintiffs cannot recover unpaid fringe benefits outside the period alleged in their complaint. Accordingly, only substantiated claims for unpaid fringe benefits from December 1, 2013 to December 31, 2014 are recoverable.

The allegations in the complaint are sufficient to establish liability as to Metro Spray Systems, LLC. Plaintiffs allege that defendant entered into the CBA with the Union. (Compl. ¶ 11.) The CBA required defendant to make fringe benefit contributions to the Funds. (Id. ¶ 12.) Plaintiffs contend that defendant failed to make payments from December 1, 2013 through December 31, 2014. (Id. ¶ 4.) Pursuant to ERISA, defendant is liable for the unpaid contributions. 29 U.S.C. §§ 1132; 1145.

**C. Damages**

"[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111 (quoting Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Pursuant to ERISA and the CBA, defendant is required to pay all unpaid fringe benefit contributions. 29 U.S.C. § 1145. Pursuant to ERISA and the CBA, plaintiffs are further entitled

3

to interest on the unpaid contributions, 15% of the unpaid contributions due as liquidated damages, and reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2).

The Affidavit of Joann Karakatsanis, the Affidavit of Michael Hubler, the Declaration of Danielle Carney, plaintiffs' statement of damages, and attached documentary evidence support plaintiffs' damages request. The Court finds, based on the evidence submitted, that plaintiffs have established the following damages to a reasonable certainty: Defendant is liable for $9,727.90 in damages, comprised of: (1) $5,830.32 for unpaid fringe benefit contributions for the period of January 1, 2014 through December 31, 2014[3]; (2) $583.03 in interest; (3) $874.55 in liquidated damages; (4) $1,960.00 in attorney's fees; and (5) $480.00 in costs. With respect to attorney's fees, both the hourly rate sought by plaintiffs' counsel and the time spent are reasonable and supported by contemporaneous time records. See N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983). Defendant must also submit to an audit of its books and records.

### III.  CONCLUSION

Accordingly, it is ORDERED that:

(1) Defendant is liable to plaintiffs in the amount of $9,727.90;

(2) Defendant must submit to an audit of its books and records for the period of December 9, 2012 through December 31, 2016;

(3) The Clerk of the Court is respectfully directed to enter judgment against defendant Metro Spray Systems, LLC in the amount of $9,727.90.

---

[3] Plaintiffs' statement of damages calculates unpaid fringe benefits by year rather than by month. Accordingly, the Court cannot ascertain the amount of unpaid contributions that accumulated in December 2013 with any reasonable certainty. Because plaintiffs have only substantiated the amount of contributions due from January 1, 2014 through December 31, 2014, only that amount is recoverable.

**SO ORDERED.**

Dated: September 26, 2017
      Central Islip, New York

                                                     /s/   (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE